**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANGELO DRAPER,**
        **Petitioner,**

v.                                                               Civil Action No. 3:19-CV-155
                                                              (GROH)

**WARDEN HUDGINS,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On September 19, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate who is currently housed at Fort Dix FCI[1] who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Eastern District of Virginia.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY[2]

**A.  Conviction and Sentence**

On June 20, 2012, a grand jury indicted Petitioner and his brother and co-

---

[1] At the time Petitioner filed this action he was incarcerated at FCI Gilmer. ECF No. 1

[2] All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 2:12-CR-90, in the Eastern District of Virginia.

1

defendant, and charged Petitioner in the Eastern District of Virginia, case number 2:12-CR-90, with: (1) conspiracy to commit robbery in Count 1, in violation of 18 U.S.C. § 1951; (2) interference with commerce by robbery in Counts 2, 4 – 14, 16, 18 – 20, in violation of 18 U.S.C. § 1951 and 2; (3) using and discharging a firearm during a crime of violence, in Count 3, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (c)(1)(C), and 2; (4) using and brandishing a firearm during a crime of violence, in Counts 15 and 17, in violation of 18 U.S.C. § 18 U.S.C. § 924(c)(1)(A)(iii), (c)(1)(C), and 2. ECF No. 5.

On January 23, 2013, Petitioner was convicted by a jury of Counts 1, 2, 3, 4, 6, 8, 9, 11, 12, 13, 14, 16, 18 and 19 of the indictment. ECF No. 101. Petitioner was sentenced on June 5, 2013, to 300 months[3] of incarceration. ECF No. 124, 129.

**B. Direct Appeal**

On June 21, 2013, Petitioner filed a notice of intent to appeal with the Fourth Circuit Court of Appeals in that Court's docket number 13-4478[4]. ECF No. 138. On June 16, 2014, the Fourth Circuit affirmed Petitioner's conviction. ECF No. 171. On November 10, 2014, the Supreme Court denied certiorari. U.S.C.A. 4th Cir. 13-4478, Document 68.

**C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255**

On November 16, 2015, Petitioner filed a motion for habeas relief under 28

---

[3] The sentence imposed consisted of 180-month sentences in Counts 1, 2, 4, 6, 8, 9, 11, 12, 13, 14, 16, 18 and 19, all of which were to be served concurrently with one another, and a 120-month sentence in Count 3, which was to be served consecutively to the other sentences. ECF No. 124, 129 at 2.

[4] On June 24, 2013, the Fourth Circuit consolidated Petitioner's appeal with his co-defendant's in docket number 13-4471. ECF No. 144.

U.S.C. § 2255.  ECF No. 177.  The Government filed a response on January 20, 2016.  ECF No. 181.

Before the district court ruled on his first § 2255 motion, on June 28, 2016, Petitioner filed in the Fourth Circuit an application to amend or file a second or successive motion to vacate pursuant to 28 U.S.C. §§ 2244 and 2255, in that court's docket number 16-9745.  ECF No. 187-1.  The Fourth Circuit, on July 14, 2016, ordered the petition be transferred to the district court for consideration because Petitioner's first § 2255 motion was still pending in that court.  ECF No. 187.  On February 16, 2017, the District Court denied[5] Petitioner's motion for habeas relief.  ECF No. 190.

Petitioner again sought permission to file a second or successive motion to vacate from the Fourth Circuit, in that court's docket 18-288.  ECF No. 192.  On July 25, 2018, the Fourth Circuit placed the case in abeyance until United States v. Simms, 15-4640, was decided.  Id.  On February 28, 2019, the Fourth Circuit entered another order which placed the case in abeyance until United States v. Davis, 903 F.3d 483 was decided.  ECF No. 193.  Davis was decided by the Supreme Court on June 24, 2019, 139 S.Ct. 2319.  On August 29, 2019, the Fourth Circuit denied Petitioner's motion to file a second or successive motion to vacate.  ECF No. 205.

---

[5] In its order, the district court reasoned that:

Indeed, there is an "unbroken consensus" among the several circuits to decide the issue that a Hobbs Act robbery—even when committed by using fear or intimidation—satisfies the force clause contained in the definition of "crime of violence" under § 924(c)(3). United States v. Anelin. No. 15-3625, 2017 WL 359666, at *7 (7th Cir. Jan. 25, 2017) (citing cases).' Moreover, several judges of this Court have reached the same conclusion. This Court finds no reason to depart from this clear precedent.

ECF No. 190 at 20 (additional internal citations omitted).

### D. Claims in Instant § 2241 Petition

After the Fourth Circuit denied him permission to file a second or successive motion to vacate, Petitioner filed the instant petition for habeas corpus pursuant to § 2241 on September 19, 2019. ECF No. 1. The petition states a single ground for relief, that Petitioner's 924(c) conviction should be vacated based on the holding in United States v. Davis, 139 S.Ct. 2319 (2019), arguing that "conspiracy to commit Hobbs Act Robbery is not a crime of violence [under] 924(c)." ECF No. 1 at 5. Petitioner asserts that the holding of Davis invalidates his 924(c) conviction, and asks that the case "be vacated and remanded for sentencing." Id. at 7. Petitioner asserts that § 2255 is inadequate or ineffective to test the legality of his detention because the "law was not enacted until after 2255 was filed and does not qualify for second or successive." Id. at 8.

Respondent filed a motion to dismiss for lack of jurisdiction and memorandum in support thereof on October 25, 2019. ECF Nos. 9, 10. In the memorandum Respondent argues that Petitioner cannot meet the In re Jones, 226 F.3d 328 (4th Cir. 2000) factors, and thus cannot demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. ECF No. 10.

In his response filed February 21, 2020, Petitioner argues that he meets all the Jones prongs, and cannot file a valid § 2255 motion, thus requiring him to file a petition through the savings clause. ECF No. 20. A review of the docket makes clear that Petitioner filed this § 2241 proceeding less than one month after the Fourth Circuit denied him permission to file a second or successive § 2255 motion to vacate. Respondent's reply filed March 6, 2020, reiterates the earlier argument that Petitioner's 924(c)

conviction for Count 3 "is not predicated on the crime of *conspiracy* to commit Hobbs Act robbery, but is instead predicated on *actual* Hobbs Act Robbery, as set forth in Count 2 of the indictment." ECF No. 21 at 1 (emphasis in original).

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners an0vd must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

5

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV. ANALYSIS

The argument presented here is the same argument Petitioner has previously asserted in his second or successive § 2255 motion in the Eastern District of Virginia, case number 2:12-CR-90. The denial of that claim by the district court was entered February 16, 2017. E.D.Va. 2:12-CR-90, ECF No. 190. Petitioner appealed the district court's decision to the Fourth Circuit, which on February 28, 2019, stayed the appeal pending the Supreme Court's decision in Davis. E.D.Va. 2:12-CR-90, ECF No. 193. After Davis was decided, the Fourth Circuit denied Petitioner's motion. Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. See 28 U.S.C. § 2244(a). In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241. See e.g., George v. Perill, 62

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the Eastern District of Virginia has, in that Court's case number 2:12-CR-90, following the issuance of Davis, denied Petitioner's request to vacate his 924(c) conviction. Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. Accordingly, the undersigned recommends that this petition be dismissed with prejudice.

Alternatively, when Petitioner's claims are reviewed to determine whether he is entitled to seek relief, it appears that his claims are still without merit. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity

of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

9

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner's sole ground for relief is that the crime he was convicted of is no longer considered to be a crime. ECF No. 1 at 5. Petitioner claims that his 924(c) conviction "is attached to conspiracy to commit Hobbs Act Robbery." Id. A review of the indictment, jury verdict and judgment show that Petitioner was convicted of violating 924(c)(1)(A)(iii), as charged in Count 3. ECF Nos. 5, 101, 129. The text of Count 3 of the indictment reads in its entirety:

> On or about July 2,2011, at Norfolk, within the Eastern District of Virginia, the defendants, LAQUAN OCTAVOUS DRAPER and ANGELO MARQUIS DRAPER, knowingly used, carried and discharged a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit, interference with commerce by robbery, in violation of 18 U.S.C. §1951 (a) as alleged in Count Two of this indictment.
>
> (In violation of Title 18, United States Code, Sections 924(c)(l)(A)(iii) and 2.)

ECF No. 5 at 15. The word conspiracy does not appear in Count 3 of the indictment. As argued by Respondent, a clear reading of the charging document shows that Petitioner was charged with a firearm violation in conjunction with robbery, not in conjunction with a conspiracy. As noted by Respondent, the Fourth Circuit recently held in an unreported per curiam opinion that § 924(c)(3) provides two definitions of the term "crime of violence" in the force clause in § 924(c)(3)(A) and the residual clause in § 924(c)(3)(B). United

10

States v. Morrison, 780 Fed. Appx. 46 (4th Cir. 2019). In Morrison, the Fourth Circuit clearly stated that, "§ 924(c)(3)(A)'s force clause remains intact. Shortly after *Davis*, we held in *United States v. Mathis*, 932 F.2d 242, 266 (4th Cir. 2019), that 'Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c).'" Id.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law[9], relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction[10] in a § 2241, he must meet all three prongs of the Jones test for this Court to have jurisdiction to hear his challenge on the merits.

The second prong of the Jones test requires that, "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Petitioner cannot meet the second prong of Jones, because there has been no change to the settled substantive law, and because there was no change, nothing can be deemed to apply

---

[9] Although Petitioner argues that Davis entitles him to the relief sought, it is not applicable, because Davis applied only to the residual clause of § 924(c)(3)(B). Davis did not invalidate the remainder of the statute. Petitioner was convicted of violating § 924(c)(1)(A)(iii), thus Davis, and its invalidation of a separate subsection of the statute, has no application to Petitioner's conviction.

[10] To the extent that Petitioner challenges his sentence, he is also unable to meet all four prongs of the Wheeler test. The second prong of Wheeler requires that "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review," which has not occurred. Because Petitioner cannot meet the second prong of Wheeler, this Court need not address the other three prongs.

retroactively on collateral review. Because Petitioner in this case was convicted of a violation of 924(c)(1)(A)(iii), Davis, which invalidated § 924(c)(3)(B), is inapplicable. Accordingly, Petitioner cannot satisfy the second Jones prong, and he therefore fails to satisfy the § 2255(e) savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITH PREJUDICE.**

It is further **RECOMMENDED** that Respondent's motion to dismiss [ECF No. 9] be **GRANTED.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 7, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE